Dear Mr. Fazzino:
This official opinion is issued in response to your inquiry which asks whether, under Section 571.105, RSMo 1978, a dealer of automatic weapons, who has been duly licensed by the federal government to possess and transfer automatic weapons to law enforcement agencies, is precluded as a Missouri resident from possessing such weapons and doing business in the State of Missouri.
Section 571.105 states:
 It shall be unlawful for any person to sell, deliver, transport, or have in actual possession or control any machine gun, or assist in, or cause the same to be done. . . . provided, that nothing in this section shall prohibit the sale, delivery, or transportation to police departments or members thereof, sheriffs, city marshals or the military or naval forces of this state or of the United States, or the possession and transportation of such machine guns, for official use by the above named officers and military and naval forces in the discharge of their duties.
It is a basic rule of statutory construction that one must seek the intention of the lawmakers and do so from the words used in the statute, if possible, ascribing to the language used its plain and rational meaning and giving significance to every word, phrase, sentence and part thereof, if in keeping with that intent.State ex rel. Jones v. Ralston Purina Company, 358 S.W.2d 772,777 (Mo. banc 1962). Ordinarily, the word "provided" introduces a condition or exception and is often synonymous with "if."State ex inf. McKittrick v. Murphy, 347 Mo. 484, 148 S.W.2d 527,532 (banc 1941). In ordinary usage, the words "provided, that" denote a limitation upon, exception to, or requirement in addition to that which has gone before. Carr v. Burke, 333 Mass. 365,130 N.E.2d 687, 688 (1955).
Following these rules of statutory construction, Section 571.105 may be read as prohibiting the sale, delivery, transportation, or actual possession or control of a machine gun in the State of Missouri by anyone except persons selling, delivering, or transporting the same to police departments or other authorized agencies or persons. The words "provided, that" appearing in the statute carve out an exception from the statute's general prohibition against the possession of such weapons.
Therefore, it is our view that Section 571.105 does not prohibit the possession of machine guns for the purpose of sale, delivery or transportation to police departments or members thereof, sheriffs, city marshals or the military or naval forces of this state or of the United States.
Sincerely,
 JOHN ASHCROFT Attorney General